D. W. KING, Appellant, v. W. L. CAMPBELL, Respondent.

Kansas City Court of Appeals, May 30, 1904.

1. ACTION: Counterclaim: Pleading: Judgment. Where a counterclaim arises out of a cause of action declared on in a petition, an establishment of a counterclaim destroys the cause of action and a judgment for the defendant on the counterclaim is based on the fact that the plaintiff has no claim against the defendant.

2. ———: ———: Judgment: Appeal. When a judgment is paid it puts an end to the controversy and the defendant therein has no right to appeal; so where plaintiff sued on two promissory notes and defendant set up a counterclaim arising out of the same transaction and on the verdict a judgment was rendered in favor of the defendant for one dollar on the counterclaim, which the plaintiff subsequently paid, he can not thereafter prosecute an appeal.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*I. N. Watson* for appellant.

(1) The petition stated two distinct causes of action. (2) The defendant's counterclaim is a separate and distinct cause of action. Mooney v. Kenneth, 19 Mo. 551; McPherson v. Meek, 30 Mo. 345; Haltzbauer v. Heine, 37 Mo. 444; Miller v. Creigler, 83 Mo. 402; Herman v. McNamara, 77 Mo. App. 7; Barnes v. McMillan, 78 Mo. 269. (3) The only defense interposed to the second count of plaintiff's petition was the counterclaim for damages. Plaintiff was therefore entitled to a judgment on this count as a matter of law. This was a matter of law with which the jury had nothing to do. Hitchcock v. Bowman, 44 Mo. App. 42; s. c., 36 Mo. App. 216; Stewart v. Hadley, 55 Mo. 235; Haltzbauer v. Heine, 37 Mo. 445; House v. Marshall, 18 Mo. 372; Tarwater v. Railway, 42 Mo. 196; Hayes v. Short, 49 Mo. 143. (4) The jury returned three verdicts in this case. Boyce v. Christy, 47 Mo. 72; Brounell v. Railway, 47 Mo. 243; Boeckler v. Railway, 10 Mo. App. 448; Kendrick v. Railway, 81 Mo. 521; Bricker v. Railway, 83 Mo. 394; Burch v. Railway, 142 Mo. 535. (5) Plaintiff had a right to ask for a new trial on the first and second counts of his petition and accept the verdict and judgment on the counterclaim. Mooney v. Kenneth, 19 Mo. 551; Priest v. White, 89 Mo. 609; Boeger v. Langenberger, 97 Mo. 398; Sparks v. Transfer Co., 104 Mo. 548; Molan v. Johns, 126 Mo. 168; Needles v. Burk, 27 Mo. App. 214; Baughman v. Waterworks Co., 58 Mo. App. 581. (6) If there were three separate verdicts then the plaintiff had a right to pay off the verdict on defendant's counterclaim and ask for judgment on his second count, notwithstanding the verdict. See authorities, supra.

*Stewart Taylor* for respondent.

(1) Whatever the number of causes of action, or

verdicts, there was and could be but one final judgment determining the rights of the parties to this action. R. S. 1899, secs. 766, 767, 773.    That judgment was partly in defendant's and partly in plaintiff's favor. Lancaster v. Ins. Co., 92 Mo. 460.    (2)    "A judgment is an entire thing.    The party in whose favor it is rendered, or in whose favor it is in part rendered, can not keep possession of the fruits which he may acquire from it, and at the same time appeal from it.    By taking the fruits which accrue from it, it becomes satisfied, and he releases any errors which may have been committed in rendering it."    Houck v. Swartz, 25 Mo. App. 17; Aull v. Trust Co., 149 Mo. 15; Cassell v. Fagin, 11 Mo. 207; State v. Lubke, 15 Mo. App. 166; Waddingham v. Waddingham, 27 Mo. App. 596; Rosenberger v. Jones, 48 Mo. App. 608; Chase v. Williams, 74 Mo. 437; RoBards v. Lamb, 76 Mo. 192; Noah v. Ins. Co., 78 Mo. App. 370; Babbitt v. Corby, 13 Kan. 612.    (3)    The amount awarded defendant constituted part of the controversy between the parties and part of the judgment.    It was the excess after the jury balanced the two sides.    Railroad v. Murray, 57 Kan. 697.    (4)    A plea admitting the execution and alleging failure of consideration sets up a good defense, and plaintiff can never be entitled to judgment on the pleadings where a good defense is set up.    Danforth v. Crookshanks, 68 Mo. App. 311; Hart v. Wire Co., 91 Mo. 421.    (5)    The payment of a part of the judgment by plaintiff was a voluntary act. Ritchie v. Carter, 89 Mo. App. 290.

ELLISON, J.—This action is set forth in a petition of two counts, each on a promissory note executed by defendant to plaintiff.    The defendant answered by general denial and also set up a counterclaim.    The verdict was for defendant on each count of the petition and in his favor for one dollar on his counterclaim.    Plaintiff filed a motion for new trial.    Before that motion was passed on by the court he filed a motion for judgment

*non obstante veredicto.* Then, before either of the motions were heard, he paid into court the one dollar found in defendant's favor on his counterclaim. The trial court overruled the motions and plaintiff appealed.

Plaintiff's position is that there were three verdicts in the case and it was stated in argument that there were, or should be, three judgments. He therefore contends that he had a legal right to pay off the judgment on the counterclaim of one dollar and still appeal from the judgment against him on the notes. Defendant's position is that there were three findings in one verdict and that there was but one judgment. And that plaintiff by paying that judgment could not appeal.

We do not see any reason or force in the position taken by plaintiff. By our statute, section 605, Revised Statutes 1899, a counterclaim arises, either out of the contract or transaction sued on by plaintiff; or, if the cause of action sued on is a contract, then the counterclaim may be based on another independent contract not connected with the one sued on. Crane v. Murray (decided this term).

Now, a counterclaim arising out of a contract or transaction sued on, may be of such nature and character that it can only exist by destroying, wholly or partially, the claim on which suit is brought. That is to say, establishing the counterclaim, to that extent, necessarily destroys the plaintiff's claim. Such counterclaim is based upon the fact that the plaintiff has no demand against the defendant, at least in the amount claimed, upon which he ought to recover, for the reason that the counterclaim arose out of the transaction upon which his action is based.

In the case before us, the suit is on a contract evidenced by two notes and the counterclaim arises out of those notes, or, at least, it is connected with the transaction out of which the notes arose. The matter set forth in the answer as a counterclaim was that plaintiff and defendant were physicians and the notes were given for

the purchase of a medical practice and good will sold by plaintiff to defendant; that plaintiff did not have the particular practice which was the inducing cause of the purchase; that the notes were obtained by fraudulent misrepresentations and were without consideration and that defendant had been damaged in the transaction in a large amount stated in the answer. The proof of such a ·counterclaim necessarily destroyed plaintiff's case. So that when the jury found for defendant the sum of one dollar on his counterclaim and judgment was so entered, it was an adjudication that plaintiff had no cause of action against defendant, but that defendant had a cause of action against the plaintiff.

It therefore follows, that when plaintiff paid the judgment it put an end to the entire controversy and that he has no right to appeal. For it is a rule often announced, that one can not accept of, or acquiesce in, a judgment and at the same time prosecute an appeal from it. Aull v. Trust Co., 149 Mo. l. c. 15; Cassell v. Fagin, 11 Mo. 207; State v. Lubke, 15 Mo. App. 166; Waddingham v. Waddingham, 27 Mo. App. 596; Rosenberger v. Jones, 48 Mo. App. l. c. 608; RoBards v. Lamb, 76 Mo. 192; Noah v. Ins. Co., 78 Mo. App. 370; Babbitt v. Corby, 13 Kan. 612.

The judgment is affirmed. All concur.