FRED E. WINSOR AND COMPTON W. NOHL, RESPONDENTS, v. JULIUS E. SCHAEFER, APPELLANT.—34 S. W. (2d) 989.

St. Louis Court of Appeals. Opinion filed February 3, 1931.

*Durham & Sparling* for appellant.

*Buder & Buder* and *G. A. Buder, Jr.* for respondent.

NIPPER, J.—This is a suit on a note. Plaintiffs, in their petition, allege that defendant on December 20, 1928, duly made, executed, and delivered to the plaintiffs in the City of St. Louis a certain promissory note of said date, whereby, for value received, he promised to pay to the plaintiffs on January 28, 1929, the sum of $2,126.67, with interest thereon from date at the rate of six per cent, and that defendant has failed and refused to pay same.

Defendant's answer admits the execution of the note, but states that, in equity and good conscience, it is not yet due, and that plaintiffs are not entitled to judgment; and then sets out the reasons therefor. Defendant alleges that on the 30th of November, 1927, he purchased all the stock in Julius E. Schaeffer, Florists, Inc., then owned and paid for by plaintiffs herein, and in payment thereof executed a promissory note payable to plaintiffs; that said note was dated November 30, 1927, for $3,190, and payable on December 20, 1928; that he pledged with plaintiffs, as collateral security, a

certificate for thirty-five shares of the capital stock of Julius E. Schaeffer, Florists, Inc.; that this note provided that in case of nonpayment at maturity, the holder was vested with full authority to transfer, sell, or convey, the collateral, or any collateral substituted or added to the above, at public or private sale, with or without notice or demand, and that the holder was authorized to purchase said collateral when sold for his own protection, the proceeds of the sale to be applied to the payment of the note, the surplus, if any, to be paid to the maker.

There are a number of equities set up in the answer. Defendant also filed a cross-petition and prayer for affirmative relief, asking the court to reform the note and contract to comply with the agreement of the parties, to cause to be endorsed on said note an extension of maturity, and to declare the pretended sale and purchase of the stock by plaintiffs null and void, and that defendant be declared the owner of the stock pledged as collateral security for the note.

Plaintiffs then filed a motion for judgment on the pleadings. The court sustained this motion, and entered judgment for plaintiffs for the amount sued for. On the same day this motion was sustained and judgment rendered on the pleadings, and immediately after such judgment was rendered, the following stipulation in writing was filed in said court:

"It is hereby stipulated and agreed by and between the parties to the above-entitled cause that at such time as the defendant may pay to the plaintiffs the entire amount of the judgment rendered and entered herein on the 27th day of December, 1929, with interest and the court costs herein, plaintiff Compton W. Nohl shall endorse, return and deliver to the defendant certificate No. 9 for thirty-five (35) shares of the capital stock of Julius Schaeffer Florists, Inc., issued in the name of Compton W. Nohl and dated the 21st day of May, 1929."

Afterwards, the defendant filed his motion for a new trial, which was overruled, and he brings the case here by appeal.

Plaintiffs filed a motion here to dismiss the appeal, contending that the stipulation filed in said case was in the nature of a settlement showing that defendant acquiesced in and recognized the judgment as valid, and therefore has no right to maintain an appeal therefrom. This motion, we think, should be sustained. It is evident from the stipulation filed that defendant recognized the validity of the judgment, and did not desire to contest the payment of the amount of the judgment, but was anxious to secure the return of the stock, which had been pledged as collateral and had been sold and purchased by one of the plaintiffs. A party may not only waive his right to appeal by express agreement, or stipulation, but a waiver may also be implied, or he may be estopped, by acts or agreements in writing entered into after the rendition of

the judgment, which agreements are inconsistent with the right of appeal. This is especially so where such acts or agreements are clearly inconsistent with an appeal. [3 C. J. 664, 665; 2 R. C. L. 61, 62; King v. Campbell, 107 Mo. App. 496, 81 S. W. 635; Waddingham v. Waddingham, 27 Mo. App. 596.] While, of course, there is a difference in the case of a plaintiff who recovers a judgment in his favor and a defendant who loses, yet it is a well-established general rule as stated in King v. Campbell, supra, that "one cannot accept of, or acquiesce in, a judgment, and at the same time prosecute an appeal from it." In this instance, by the stipulation filed, defendant was anxious to secure the return of his collateral upon the payment of the amount of the judgment. Plaintiffs evidently would not have signed such a stipulation had not they understood from such that defendant intended to pay the judgment without appealing therefrom.

Under the facts, as above stated, the motion of plaintiffs to dismiss the appeal should be sustained. It is so ordered. *Haid, P. J.,* and *Becker, J.,* concur.