William COOPER, Appellant,

v.

Bruce W. SIMON, Respondent.

No. WD 37773.

Missouri Court of Appeals,
Western District.

Sept. 9, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 4, 1986.

William Cooper, Moberly, pro se.

William H. Sanders, Sr., Sylvester James,
Jr., Blackwell Sanders Matheny Weary &
Lombardi, Kansas City, for respondent.

Before TURNAGE, P.J., and SHAN-
GLER and KENNEDY, JJ.

TURNAGE, Presiding Judge.

William Cooper filed suit against Bruce
W. Simon seeking damages for legal mal-
practice in Simon's representation of Coo-
per in a murder case. The court directed a
verdict in favor of Simon at the conclusion
of the opening statement. Cooper con-
tends the court erred in refusing a continu-
ance and in directing a verdict. Affirmed.

Cooper was convicted of second degree
murder and sentenced to life imprisonment.
*State v. Cooper,* 660 S.W.2d 184 (Mo.App.
1983). Bruce W. Simon represented Coo-
per at the trial of that case. In this case
Cooper alleged in his petition and supple-
mentary petition that Simon was negligent
in his representation of Cooper in 12 in-
stances. Cooper filed this case himself and
acted pro se throughout.

On April 18, 1985 the court set this case
for trial on June 17, 1985. Cooper filed an
application for a continuance on June 12.
He alleged among other things that he had
been unable to locate particular witnesses,
and he requested the court to reconsider its
denial of his request for funds to allow him

to hire an investigator for the purpose of locating witnesses. The court denied Cooper's request for a continuance.

The trial began as scheduled on June 17. After the jury was empaneled Cooper made an opening statement. At the conclusion of the opening statement the court inquired if Cooper had an expert witness to testify that Simon's representation failed to measure up to the required standard of conduct for attorneys. Cooper stated that he had tried without success to obtain an expert. Cooper indicated there was one attorney that he might be able to obtain, and the court allowed him to call that attorney. After Cooper talked with the attorney the court talked with the attorney by telephone and verified that the attorney had not agreed to testify as an expert on Cooper's behalf. Cooper acknowledged that he had been aware for some time of the necessity of presenting expert testimony to make a case, but conceded that he did not have any expert testimony to present. The court thereupon granted Simon's motion for directed verdict.

■ Cooper contends the court erred in refusing his request for a continuance. He argues that the court should have allowed him funds to hire an investigator to locate witnesses and serve subpoenas. Cooper cites no statute or rule which would permit the court to supply funds to him to hire an investigator. The grant or denial of the continuance rests largely in the discretion of the trial court. *Arnett v. Keith,* 582 S.W.2d 363, 365 (Mo.App.1979). In support of his motion for a continuance, Cooper argued that he could not locate witnesses and serve subpoenas because he was imprisoned. Cooper also argued that because he had been granted leave to proceed as a poor person, the court should supply him funds to prosecute his action. Because the court had no authority to supply funds to Cooper, and because the case had been set for trial for two months, the court did not abuse its discretion in refusing a continuance. Furthermore, Cooper made no show-

ing that he could have supplied the missing element in his case, even with a continuance. Cooper admitted that he had been trying unsuccessfully for some time to obtain an expert witness. There was no indication that with more time Cooper would be any more successful than before in locating an expert.

Cooper's main contention on appeal is that the court erred in granting a directed verdict after the conclusion of the opening statement, which revealed Cooper did not have an expert witness, and after Cooper's admission to the court that he in fact would not have an expert and had no reasonable prospect of obtaining one.

■ In undertaking to represent a client, an attorney impliedly represents to his client that he will exhibit the skill and diligence ordinarily possessed and employed by well-informed members of the legal profession. *Roehl v. Ralph,* 84 S.W.2d 405, 409[2] (Mo.App.1935). Thus, Cooper had the burden of proving that Simon was negligent in that his representation did not measure up to that standard. Cooper had the further burden of proving that such negligence was the proximate cause of his injury, i.e., his conviction of murder. *Bainter v. Almond,* 643 S.W.2d 649, 650 (Mo.App.1982). To prove the proximate cause element of his case, Cooper had to show that the result of his criminal trial would have been different had his attorney not been guilty of malpractice. *Mylar v. Wilkinson,* 435 So.2d 1237, 1239[4, 5] (Ala.1983).

■ From the above discussion concerning the necessity of proving negligence and proximate cause, it is apparent that a jury would be unable to assess whether Simon's performance fell below the required standard without the aid of testimony of someone expert in the level of skill and diligence employed by well informed attorneys. As stated in *Hughes v. Malone,* 146 Ga.App. 341, 247 S.E.2d 107, 111[6–8] (1978), "except in clear and palpable cases (such as

the expiration of a statute of limitation), expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice."

Cooper alleges that Simon was negligent in advising him to waive a preliminary hearing, in failing to attack the validity of the complaint and information, in failing to file certain motions, in failing to interview or contact witnesses, and failing to investigate to determine available defenses.

This was not a case in which it could be said the type of negligence alleged was so clear that it could be assessed without the aid of expert testimony. It is obvious a jury would have to resort to pure speculation in order to find negligence on the part of Simon, if left without any evidence from an expert.

Cooper did not say in his opening statement that he would have expert testimony to prove Simon's negligence and that such negligence was the proximate cause of his conviction. Cooper conceded then and concedes now that he had no such evidence. Thus, the only remaining question is whether or not the court properly granted a directed verdict at the close of the opening statement. In *Swindler v. Butler Manufacturing Co.*, 426 S.W.2d 78, 82 (Mo.1968), the court quoted from *Hays v. Missouri Pacific R. Co.*, 304 S.W.2d 800, 804 (Mo.1957), the rule that a directed verdict is proper at the close of the opening statement when, even if the plaintiff were to prove all the facts recited in his opening statement, he still would not have made a submissible case. There is no question that the evidence outlined in Cooper's opening statement would not have been sufficient to make a submissible case, because Cooper had no expert evidence concerning Simon's negligence or the proximate cause of such negligence in bringing about Cooper's conviction.

Cooper raises a number of other points which need not be discussed in view of the disposition herein.

The judgment entered on the directed verdict is affirmed.

All concur.