Curtis C. and Linda
RODGERS, Appellants,

v.

Garry ACUNCIUS, Respondent.

No. WD 38733.

Missouri Court of Appeals,
Western District.

June 30, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Thomas R. Bellmann, Jeans, Bellmann & Fletcher, Kansas City, for appellants.

Robert J. Dierkes, Bear, Hines, Thomas, Dierkes and Stamper, Columbia, for respondent.

Before CLARK, C.J., and SHANGLER and LOWENSTEIN, JJ.

CLARK, Chief Judge.

Respondent, Garry Acuncius, a real estate broker, had judgment against appellants, Curtis and Linda Rodgers, in the amount of $74,600.00 for a real estate commission. The judgment followed a jury trial of respondent's claim which was tried separately from counterclaims and cross-claims filed by appellants. The issue on this appeal is whether the trial court erred in severing respondent's claim for commission and conducting a separate trial of that claim.

The record on appeal as filed by appellants does not include any transcript of testimony, only the pleadings and some reported arguments of counsel. From these limited sources, it appears that the suit was commenced by respondent who alleged he accomplished a sale of appellants' farm in Callaway County for a price of $1,068,025.00. He further alleged that appellants had listed the property with him for sale and had agreed to pay a commission of 7 percent. The transaction was complicated to some extent by the fact that an exchange of property was the medium of sale.

Warren and Winifred Walz, who previously were defendants in the case, had listed their farm for sale with another defendant, Bell Investment Company. In the ultimate transaction, appellants agreed to purchase the Walz property for a price of $2,350,000.00 with a credit against that price for the value of appellants farm conveyed to Walz. Acuncius was a co-broker with Bell on the Walz property, as well as being the listing agent on appellants' transaction. The theory of Acuncius' claim was that appellants had received the full sale price for their property as partial payment for purchase of the Walz farm and in brokering the transaction, Acuncius had earned his commission.

In their counterclaim against Acuncius, appellants alleged that Acuncius, in combination with the Bell Investment Company and the Walzes, had misrepresented the usable acreage in the Walz property and has misrepresented the permit status of work in progress to rechannel the east fork of the Chariton River, a project subject to approval by the Kansas City District Corps of Engineers. Appellants' answer to the Acuncius suit raised somewhat the same questions under claims of fraud, estoppel, illegality and waiver based on the dual position which Acuncius occupied as agent for seller and buyer.

The Acuncius suit was filed May 19, 1981. The motion for a separate trial was granted May 9, 1984 and trial of the severed claim proceeded to verdict on October 24, 1984. The judgment on the verdict was entered as an interlocutory disposition. A trial of the counterclaim commenced March

11, 1986 but resulted in a mistrial. Thereafter, appellants dismissed their counterclaim without prejudice on July 15, 1986 at which point the previously entered interlocutory judgment became final. Earlier, appellants had filed their motion for judgment notwithstanding the verdict or for a new trial. The motion was overruled September 15, 1986 and this appeal followed.

■ The point presented by appellants contends the order granting separate trials of the Acuncius claim and the Rodgers counterclaim was error first, because the issues in both were so interwoven as to be inseparable and second, because the counterclaim would have defeated the principal claim if the two had been jointly tried.

The first obstacle which confronts appellants is the fact that the claim of error now presented was not raised in their motion for a new trial. It is fundamental to appellate practice that an allegation of error on appeal which does not correspond to any point in the motion for a new trial preserves nothing for appeal. *Jackson v. Radtke*, 673 S.W.2d 40, 47 (Mo.App.1984). Applying this rule, the court in *Mullen v. Kennard*, 674 S.W.2d 202 (Mo.App.1984), refused to consider appellant's claim that the trial court erred in denying a continuance and in failing to order consolidation with another pending case when it appeared that those issues were not set forth in the motion for new trial. In the present case, no point of the new trial motion raises the issue of severance as a claim of error and this court would therefore be entitled to rule the case on that ground alone.

Appellants argue, however, that reference is made to the severance issue in one point of the new trial motion which deals with the failure by the court to admit in evidence an exhibit they offered. The contention is tenuous at best, but in the interests of settling the question, we take up the claim of error as though it were preserved.

The point set out in appellants' brief contends the Acuncius claim for commission should not have been tried separately from appellants' counterclaim because:

"A. The fact involved in proof of Appellant's (sic) counterclaims that Acuncius was illegally representing both sides and that he fraudulently misrepresented the nature and extent of the Walz acreage, and Acuncius' commission claim on the Rodgers' property, are part of a single real estate transaction and are so inextricably interwoven as to be legally and logically inseparable, and

B. Appellant Rodgers' fraud claims, whether characterized as defenses or counterclaims, would have defeated any claim for commission by Acuncius, and the court therefore erred in drawing an artificial distinction between the affirmative defenses and the counterclaims for purposes of trial, when it severed the claims and declined to grant a new trial with the issues consolidated."

There was, undeniably, an interrelationship between the entitlement of Acuncius to his commission and the claims by appellants that Acuncius had acted improperly representing both parties to the sale and in fostering misrepresentations. It does not also necessarily follow, as appellants seem to argue, that the severance of the claim and counterclaim for trial deprived them of the opportunity to defend.

As best the situation may be reconstructed from the pleadings, appellants raised essentially the same allegations in their defense against the claim for the commission and in their affirmative claim for relief in their counterclaim. In both, the assertions were that Acuncius breached an obligation to appellants as clients-sellers when he also served the interests of the Walzes in the same transaction. They also contended that Acuncius acted with other parties to the transaction in giving appellants misinformation about the property. The difference between the defense on the one hand and the counterclaim on the other was merely in proof of damages.

Appellants appear to have assumed that evidence against Acuncius could only have been presented in one trial. The record on

appeal does not support any such claim. For all that appears, no finding or order by the trial court prevented appellants from offering this evidence as a basis to defeat the commission claim. Indeed, appellants raise no claim of error in this respect. It therefore follows that respondent prevailed before the jury, not because the counterclaim was severed, but because appellants either failed to offer the evidence they had or, if they did offer it, the jury did not accept it.

■ A further problem requires that appellants' claim of error be rejected. The issue appellants raise is solely addressed to the purportedly erroneous denial to them of a perceived right to a common trial of the Acuncius commission claim and the counterclaim. Presumably, the relief they seek would be a reversal of the judgment entered and a remand of the case for retrial of the claim and counterclaim before one jury. As was observed earlier, however, appellants have dismissed their counterclaim, albeit without prejudice.

In *Sharp v. Interstate Motor Freight System*, 442 S.W.2d 939, 946 (Mo. banc 1969); citing *Winsor v. Schaeffer*, 224 Mo. App. 1220, 34 S.W.2d 989 (1931), the court noted that a party may be estopped from taking an appeal by acts performed after the rendition of the order or judgment which are clearly inconsistent with the right of appeal. The *Winsor* case involved a suit on a note and a judgment entered on the pleadings. After judgment, the defendant entered into a stipulation that when he paid the note, the plaintiff would return to him certain certificates of stock pledged as collateral. The court held that the stipulation recognized the validity of the judgment and was inconsistent with a right to appeal. One cannot accept or acquiesce in a judgment and at the same time prosecute an appeal from it.

Here, the viability of any appeal on the point now asserted was lost when appellants dismissed their counterclaim. Their right to seek relief and the ability of this court to order a new trial was, in the circumstances, dependent on pendency of the counterclaim. The dismissal of the counterclaim is inconsistent with the appeal which asserts appellants' right to a joint trial on the counterclaim and the principal claim. All else aside, appellants are the architects of their own loss.

The judgment is affirmed.

All concur.