**Garry ACUNCIUS, Relator,**

v.

**The Hon. John M. YEAMAN, Judge, Circuit Court, Platte County, Respondent.**

**No. WD 40529.**

Missouri Court of Appeals, Western District.

July 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1988.

Application to Transfer Denied Oct. 18, 1988.

74

Robert J. Dierkes, P.C., Bear, Hines, Thomas, Dierkes & Stamper, Columbia, for relator.

James W. Jeans, Kansas City, for respondent.

Before SHANGLER, P.J., and GAITAN and FENNER, JJ.

FENNER, Judge.

This case arises out of a real estate transaction wherein Relator Garry Acuncius was one of the real estate agents involved. In the case at hand, Relator Acuncius is defendant in an action for fraud brought by Curtis Rodgers as plaintiff in the Circuit Court of Platte County before the Honorable John M. Yeaman, Judge and respondent herein. The action for fraud in the case at hand had previously been brought as a counterclaim by Rodgers against Acuncius in a prior action between the parties in the Circuit Court of Boone County before the Honorable Frank Conley, Judge.

In the Boone County action Acuncius brought suit against Curtis Rodgers and his wife Linda Rodgers, among others, alleging in part that the Rodgers' had listed their farm for sale with Acuncius, that Acuncius had accomplished a sale of the Rodgers' farm, and that he, Acuncius, was entitled to a commission of seven percent

for the sale. Curtis Rodgers filed a counterclaim against Acuncius in the Boone County case alleging that Acuncius had made fraudulent misrepresentations in regard to the real estate transaction.

At one point in the Boone County case one of the defendants other than Curtis and Linda Rodgers sought to have the case stayed indefinitely pending the outcome of certain Federal Court litigation that had bearing on an issue in the Boone County case. Acuncius opposed that effort and in the alternative asked to have his claim for commission and the other claims including the counterclaim of the Rodgers' for fraud severed for trial. The claims were severed by the Boone County trial court and Acuncius' claim for real estate commission was tried before a jury with a verdict being entered in Acuncius' favor and against Curtis and Linda Rodgers in the amount of $74,600. The verdict was entered as an interlocutory judgment. Further proceedings were had and eventually the other defendants in the case settled their disputes leaving the only matter to be tried the counterclaim of Curtis Rodgers against Garry Acuncius for fraud. A trial on the counterclaim began in March of 1986 but a mistrial was declared. Thereafter on June 11, 1986, Curtis Rodgers dismissed his counterclaim without prejudice and the previously entered interlocutory judgment was made final. An appeal was taken from that judgment and the judgment was affirmed on June 30, 1987. See *Rodgers v. Acuncius*, 736 S.W.2d 424 (Mo.App.1987).

On July 8, 1987, Curtis Rodgers filed in the Circuit Court of Platte County, Missouri, a "Petition for Damages", in which he alleged the same cause of action as had previously been brought as a counterclaim in the Boone County case. Acuncius moved to dismiss the Platte County case which motion was denied by the Honorable John M. Yeaman, Judge of the Circuit Court of Platte County. A preliminary order in prohibition was entered enjoining Judge Yeaman from further action to proceed to trial.

The counterclaim of Rodgers against Acuncius in the Boone County case was a compulsory counterclaim. Rule 55.-

32(a) is the applicable rule and it states as follows:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule.

Rodgers' claim against Acuncius for fraud in the Platte County case arose out of the same real estate transaction that was the subject matter of Acuncius' claim against Rodgers for real estate commission in the Boone County case and the exceptions as set forth in Rule 55.32(a) are not applicable. Rule 66.02 allows the court to order a separate trial on any counterclaim compulsory or permissive. It is clear that Rodgers' claim against Acuncius for fraud was a compulsory counterclaim in the Boone County case. The fact that the counterclaim was severed for trial does not alter its nature and it remains a part of the underlying cause of action.

Respondent takes the position that since Rodgers filed his claim against Acuncius for fraud as a counterclaim in the Boone County case and that claim was severed for trial that his dismissal of the counterclaim in Boone County and refiling of a separate action in Platte County was proper. Respondent argues that severance made the counterclaim a separate action which could be dismissed and refiled as another case. No legal authority has been presented in support of this position, but respondent argues that to hold otherwise would be inequitable.

Equity follows the law and is bound by established rules and precedents. *Seifert v. Seifert,* 708 S.W.2d 150, 156 (Mo.App. 1985). Equity cannot be invoked to alter the existing Rules of Procedure but must be considered in combination with the Rules. In so doing, it is well established that pursuant to Rule 55.32 where a claim asserted in one suit is a compulsory counterclaim in a previously instituted suit, the court has no authority to proceed further with the second suit, and prohibition is the appropriate remedy. *State ex rel. Davis v. Moss,* 392 S.W.2d 260, 261 (Mo.1965) (referring to prior Rule 55.45(a), which is substantially the same as the present Rule 55.32(a)). The fact that the counterclaim was severed for trial does not alter the applicable law herein.

The Preliminary Order in Prohibition is hereby made absolute and the respondent is directed to take no further action but to order the case of Rodgers v. Acuncius, No. CV187–1264CC, in the Circuit Court of Platte County, Missouri, dismissed and further fix costs therein.

All concur.