**BONDED CONTRACTING COMPANY,**
**Plaintiff/Respondent,**

v.

**Mohammad MEHRSHEIKH, and Theresa Clifford, Defendants/Appellants.**

No. 72561.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1998.

Mayer S. Klein, St. Louis, for defendants/appellants.

Keith K. Cheung, Steven W. Garrett, Paul E. Martin, St. Louis, for plaintiff/respondent.

CRANDALL, Judge.

Defendants, Mohammad Mehrsheikh and Theresa Clifford (homeowners), appeal from the judgment of the trial court, in a court-tried case, in favor of plaintiff, Bonded Contracting Company (contractor), on contractor's breach of contract action and in homeowners' favor on their fraudulent misrepresentation counterclaim against contractor. We affirm.

In June 1995, homeowners entered into a written contract for a kitchen remodeling and addition project. The contract price, including subsequent change orders, was $27,271.43. Pursuant to the contract, homeowners paid the first two installments totaling $11,986.00. In November 1995, contractor requested the third installment in accordance with the contract. Homeowners did not make the scheduled payment and expressed concern over the projected completion date. They proposed alternative payment arrangements. Contractor refused to accept the proposed changes to the payment schedule and stopped work on the project. Homeowners hired another builder to complete the project. Contractor brought the present action for enforcement of a mechanic's lien, breach of contract, and quantum meruit. Homeowners counterclaimed for breach of contract and fraudulent misrepresentation in inducing them to contract.

The trial court entered judgment in favor of contractor on its breach of contract claim in the amount of $15,611.56, plus 15 percent attorney's fees; and in favor of homeowners on their fraud claim in the amount of $7,000.00. The court dismissed all remaining claims.

In both their points on appeal, homeowners contend the trial court erred in ruling simultaneously in their favor on the fraud claim and in contractor's favor on the breach of contract claim. They argue under point one that the damage award erroneously provided a net award to contractor and under point two that the judgment was inconsistent because it found for both parties on incongruent claims. We address these points inversely.

■ As to the inconsistency of the judgment, homeowners assert contractor's fraudulent inducement negated the existence of an enforceable contract. They contend that they cannot be held liable "for breaching a contract that they were defrauded into entering."

■ Fraud and misrepresentation are affirmative defenses. *Rodgers v. Czamanske*, 862 S.W.2d 453, 459 (Mo.App. W.D. 1993). Here, homeowners raised the issue of fraudulent inducement in their counterclaim, not as an affirmative defense. An affirmative defense differs in character and purpose from a counterclaim. *Id.* An affirmative defense seeks to defeat or to avoid the plaintiff's cause of action, while a counterclaim is an independent cause of action in which the party asserting it seeks a judgment on his or her own behalf. *Id.* A victim of fraud may elect to affirm the contract and assert damages or may repudiate the transaction and be restored to the status quo, but not both. *Stadium Bank v. Milton*, 589 S.W.2d 338, 342–343 (Mo.App.1979).

In the instant action, homeowners did not attempt to defeat contractor's cause of action by raising fraudulent inducement as an affirmative defense. They also did not repudiate the contract by seeking rescission in their counterclaim. Rather, they brought an independent cause of action against contractor, seeking a judgment on their own behalf. Thus, homeowners elected to affirm the contract and to seek damages in tort. Because homeowners affirmed the contract, they could be held liable for breach of its terms. Yet, their independent action also enabled them to recover damages from contractor for fraud in inducing them to contract. Given these circumstances, the judgment in favor of contractor for homeowners' breach of the contract and in favor of homeowners for

fraudulent inducement was not inconsistent. Homeowners' second point is denied.

■ We next address homeowners' argument that the damage award erroneously afforded a net award to contractor. They contend that in light of the fraud perpetrated by contractor, the trial court should have used as the measure of damages the difference between the contract price and what they paid to complete the project, which would have resulted in a net award to them.

We do not agree. Because homeowners affirmed the contract, as discussed under point two above, they were held to its terms. The contract expressly provided that "[I]f the Buyer terminates this contract after the work has begun, ... he shall pay the Seller that portion of the cash price equal to the reasonable value of the portion of the work completed...." The trial court awarded contractor damages to compensate it for the amount it had expended on the project in the form of labor and materials. Homeowners did not challenge the reasonableness of this figure either at trial or on appeal. The trial court used the proper measure of damages, as set forth in the contract. Point one is denied.

The judgment of the trial court is affirmed.[1]

AHRENS, P.J., and KAROHL, J., concur.

---

1. Contractor filed a "Motion for Attorney Fees" with this court, seeking attorney's fees incurred on appeal. Contractor based its claim for such fees on the terms of the contract, which permitted contractor to recover attorney's fees for the collection of money homeowners failed to pay in accordance with the contract. Contractor's motion is granted and attorney's fees in the amount of $2,218.50 are awarded to contractor.