# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2357

_____

| | |
|---|---|
| J. Michael Koehler, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * |
| v. | * |
| | * |
| Jules Brody; Martin D. Chitwood; | * |
| Donald H. Clooney; Joe D. Jacobson; | * |
| Jonathan F. Andres; Vincent R. | * |
| Cappucci; Andrew J. Entwistle; | * |
| Green, Schaaf & Jacobson, P.C.; | * |
| Stuff, Stull & Brody, L.L.P.; | * |
| Chitwood & Harley, L.L.P.; | * |
| Clooney & Anderson, P.C.; | * |
| Martin M. Green, | * |
| | * |
| Defendants - Appellees. | * |

_____

No. 06-2746

_____

Appeals from the United States
District Court for the
Eastern District of Missouri.

| | |
|---|---|
| J. Michael Koehler, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * |
| v. | * |
| | * |
| Jules Brody; Martin D. Chitwood; | * |
| Donald H. Clooney; Joe D. Jacobson; | * |
| Jonathan F. Andres; Vincent R. | * |
| Cappucci; Andrew J. Entwistle; | * |

Green, Schaaf & Jacobson, P.C.;        *
Stuff, Stull & Brody, L.L.P.;          *
Chitwood & Harley, L.L.P.;             *
Clooney & Anderson, P.C.;              *
Martin M. Green,                       *
                                       *
      Defendants - Appellees.        *

_____

Submitted:  January 12, 2007
Filed:  March 27, 2007

_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

The case before the court arises out of the global settlement of a number of class action cases related to the merger of NationsBank and BankAmerica into Bank of America. Plaintiff J. Michael Koehler was a lead plaintiff and class representative in those cases. He brought this action against the attorneys who had represented his class and against several attorneys who represented two of the other lead plaintiffs. He alleges that the attorneys breached their fiduciary duties, violated the Private Securities Litigation Reform Act of 1995, and engaged in civil conspiracy by settling the class actions without his approval and by misleading the court into approving the settlement. The district court[1] granted defendants' motions to dismiss his complaint, and he appeals from the judgment in No. 06-2357. In No. 06-2746 Koehler appeals from a post judgment order of the district court relating to document recovery. We affirm the judgment but dismiss the other appeal for lack of jurisdiction.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

I.

After NationsBank and BankAmerica merged in 1998, numerous state and federal actions were commenced. Plaintiffs alleged that the merger had been effected through fraud and that misrepresentations had been made to shareholders. The Judicial Panel on Multidistrict Litigation consolidated the actions in the Eastern District of Missouri before Judge John Nangle. He appointed seven lead plaintiffs to represent one of the classes who had owned NationsBank stock. Koehler was one of the lead plaintiffs, and the other six were Earl J. Gates, Joseph Hempen, Robert Hepworth, Kevin Kloster, David Oetting, and Pamela Wootton. Koehler also served as a class representative, along with Kloster and Oetting.

According to Koehler's complaint, the court appointed the law firm of Green, Schaaf & Jacobsen, P.C. as lead counsel and liaison for the NationsBank classes, and the firms of Chitwood & Harley and Stull, Stull & Brody were made co-lead counsel. The complaint alleges further that Clooney & Anderson also represented the NationsBank classes and that attorneys Entwistle and Cappucci were named to the executive committee.[2]

After three years of discovery, the parties entered into voluntary mediation in January 2002 in New York under the direction of a former federal district judge, the Honorable Nicholas Politan. Koehler and some of the other lead plaintiffs were present at the negotiations, but they left after two days. The mediation continued on the following day, and counsel representing all the parties reached an agreement. They executed a memorandum of understanding that the cases would settle for a cash

---

[2]Attorneys Entwistle and Cappucci are named in the complaint as individual defendants instead of their firm, Entwistle & Cappucci, LLP; they represented lead plaintiff Robert Hepworth in the class action litigation. Clooney & Anderson represented Kevin Kloster and other plaintiffs individually.

payment by the defendants of $490 million, and that $333 million of that amount would be allocated to the two NationsBank classes.

In February, March, and May 2002, Judge Nangle held a series of hearings to determine the fairness of the proposed settlement. Koehler retained separate counsel to contest the settlement and filed objections to it. He and two others from his group of lead plaintiffs, David Oetting and Kevin Kloster, complained to the district court that the settlement amount was too low and that it was disproportionately distributed among the shareholder classes. They also challenged the settlement on the ground that the lead plaintiffs had not been present the final day of mediation because they had been led to believe that the mediation was over and that the case would only settle for an amount exceeding $600 million, payable in stock. Koehler alleged that his attorneys had misled him and made false representations to the court and that this conduct violated the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the Act), and other ethical duties. In support he submitted the declaration of Professor Geoffrey Hazard, a well recognized expert in the field of legal ethics, discussing possible ethical breaches related to the settlement.

Notice of the settlement terms was given to the hundreds of thousands of class members. The notice informed the class members that they should make the district court aware of any objections. Only ten objections were submitted; none was received from any of the institutional investors. The court explained that it was required to consider the merits of plaintiffs' case, the defendant's financial condition, the complexity involved in further litigation, and the amount of opposition to the settlement. In re BankAmerica Corp. Sec. Litig., 210 F.R.D. 694, 699-700 (E.D. Mo. 2002); see Van Horn v. Trickey, 840 F.2d 604, 606 (8th Cir. 1988). It considered the objections and the arguments at several hearings and finally approved the settlement as fair, adequate, and reasonable based on the court's experienced assessment. In re BankAmerica Corp. Sec. Litig., 210 F.R.D. at 700-06.

The district court observed that plaintiffs had faced "many hurdles" in the litigation and that a jury could have returned a defense verdict given the "formidable risks of trial." In re BankAmerica Corp. Sec. Litig., 210 F.R.D. at 701. The court concluded that class counsel had "reached a substantial settlement and fulfilled their obligations," that class representatives "do not have the unfettered ability to decide whether to settle and, if so, for how much," and that "class settlement agreements do not require the assent of named plaintiffs." Id. at 703-04. It issued its final approval of the settlement on September 30, 2002.

Following approval of the settlement, the court held hearings to determine the appropriate fee award for the attorneys. Lead counsel requested 25% of the total award, and Koehler did not object. The court explained that "even a small percentage of the class recoveries in this case is a very significant award of money," and awarded lead counsel 18% of the net recovery on October 15, 2002. The court noted that the "class members' response to the settlement has been overwhelmingly favorable," that the "experienced attorneys" had obtained a "significant recovery" for their clients, and that class counsel had "performed at exceptionally high levels."

Despite continued allegations about ethical breaches and misrepresentations by counsel, Koehler did not challenge the fee award on appeal, but he and Oetting did appeal the order approving the settlement. At the oral argument on appeal Koehler and Oetting conceded they were not contesting the district court's "fairness and adequacy" findings about the settlement, but were instead challenging whether the court had had the authority to approve the settlement over their objections. In re BankAmerica Corp. Sec. Litig., 350 F.3d 747, 751 (8th Cir. 2003).

We affirmed the judgment approving the settlement. We noted the district court's findings that Koehler and Oetting had had "unrealistic expectations" about the litigation that were "bordering on fantasy" and that the "global settlement amount far exceeded what had been previously offered to the separate classes." Id. at 750-752.

-5-

We also took note of the fact that lead plaintiffs Robert Hepworth and Kevin Kloster had ultimately approved the settlement. Id. at 749-51. We observed that one of the concerns Congress had in passing the Act was to protect the interests of class members in securities cases, that the statute did not "explicitly [grant] a veto power to lead plaintiffs," id. at 752, and that the district court found that the BankAmerica litigation and settlement had not been "lawyer-driven." Id. at 750. We concluded that the district court, which was "intimately familiar with this lengthy and complex matter," id., had not abused its discretion by approving the settlement over the objections of Koehler and Oetting.

II.

More than two full years after judgment was entered in the class actions, Koehler filed this case in December 2004 in the Southern District of New York against counsel who had represented his class, as well as the law firm of Clooney & Anderson and attorneys Entwistle and Cappucci, complaining that the settlement was too low and should have been paid in stock. In addition to allegations identical to objections he had already raised before the class action settlement was approved, Koehler alleges newly discovered facts to support his claims. These include allegations that class counsel engaged in secret negotiations in September 2001, that Hepworth and his counsel were intentionally excluded from the December 2003 mediation, and that Hepworth's attorneys had prepared a detailed valuation memorandum and had lied to the district court about their client's presence at the mediation, that Kloster was pressured by his attorney to approve the settlement amount, that defendant attorneys made numerous misrepresentations during the fairness hearings about the views of the lead plaintiffs and their role in the mediation, and that they falsely stated that the lead plaintiffs had approved the settlement or had only recently withdrawn their support. Koehler also complains that the district court declined to determine in the fairness hearings whether counsel had violated ethical rules.

In his complaint Koehler seeks damages for breaches of fiduciary duties, aiding and abetting such breaches, conspiracy to breach fiduciary duties, and violations of the Act, alleging that the cases should not have settled for less than $600 million paid in stock. He requests compensatory damages "in an amount to be proved at trial, but believed to be in excess of $150,000," over $2,000,000 in punitive damages, disgorgement of attorney fees, declaratory relief, and all other relief that would be fair and just.

The case was transferred by the district judge in New York to the Eastern District of Missouri where it was assigned to Judge Nangle who had presided over the consolidated class action cases. Koehler moved to transfer the case back to his chosen venue, but the motion was denied. Defendants then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). They argued among other things that Koehler's complaint was barred by collateral estoppel and that the Act did not create a private cause of action for the conduct alleged.

The district court granted the motions to dismiss. It concluded that he could not prevail in this action because our court has determined that a lead plaintiff does not have the unilateral right to disapprove a settlement and the district court did not abuse its discretion in approving it. The district court referenced its long experience with the underlying cases which led it to conclude that the class action plaintiffs had been more than adequately compensated, that the plaintiffs in the class actions had faced "tremendous" hurdles, that "the obvious fairness of this settlement" had been approved after all persons had had full opportunity to comment, and that the court had been "well aware of Koehler's disapproval," objections, and allegations of ethical misconduct before it ruled and before judgment was entered in the class actions. The court also referenced its findings in the settlement approval order that lead counsel for the class had "conducted themselves professionally and have adequately and zealously represented the interests of their clients."

After the district court dismissed this action, it issued an order in response to a "request for guidance and direction" submitted by defendant Green, Schaaf & Jacobsen, P.C., lead counsel and liaison for the NationsBank classes in the BankAmerica cases. While the motions to dismiss had been pending in the district court and a discovery stay was in place, Green had received a letter from David Oetting, one of the former lead plaintiffs, requesting that his file in the class action cases be released to his current attorneys, Martha Cullina, LLP. In its letter to the court Green expressed its concern that Oetting's request was an attempt to circumvent the discovery stay and its uncertainty about which of the voluminous files from the class actions should be released.

The district court did not address the request until after the motions to dismiss were decided and judgment had been entered. At that time the district court issued an order characterizing Green's letter as a motion alluding to "improper discovery" and denied it as moot since the case had been dismissed. The court nevertheless added that it was "willing to give limited guidance" about Oetting's request and advised Green to release all "papers, documents, and materials" Oetting had forwarded to lead counsel during the class action litigation.

Koehler appeals, arguing that the district court erred by dismissing his complaint and by not ordering Green to provide Oetting with all the class action files lead counsel had. He argues that the question of whether appellees violated their fiduciary duties or the Act in settling the BankAmerica cases was not decided by the district court when it approved the settlement and that it should have returned this case to the Southern District of New York. He also claims that he learned facts after the settlement approval which are relevant to whether he is entitled to relief.

Appellees respond that Koehler's claims are barred by the final judgment approving the settlement, that he has not shown that his case should have been sent back to New York, and that both the district court and this court were aware of the

nature of Koehler's objections at the time the settlement was approved. They argue that any issue about Oetting's files is now moot. Clooney & Anderson, Cappucci, and Entwistle assert that they are entitled to summary judgment on another ground – that they were not attorneys for the class and owed no fiduciary duties to Koehler.

We review the district court's Rule 12(b)(6) dismissal de novo, taking all facts alleged in the complaint as true. Carter v. Arkansas, 392 F.3d 965, 968 (8th Cir. 2004). A motion to dismiss should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999) (citation omitted).

III.

In addition to his fiduciary duty claims Koehler alleges that he has a cause of action under the provisions of the Act, citing to dicta in one of our decisions in the BankAmerica proceedings which stated that "[w]e think it plain that the Lead Plaintiff provisions of the [Act] create significant federal rights that previously did not exist." In re BankAmerica Corp. Sec. Litig., 263 F.3d 795, 801 (8th Cir. 2001). The court's opinion did not identify any such right, however, and Koehler has not pointed to any section of the Act which provides for the cause of action he attempts to bring here. We conclude that Koehler has failed to demonstrate that the Act created a private right of action for the claims he alleges.

For Koehler to prevail on his fiduciary duty claims, he must show among other things that he had a fiduciary relationship with appellees, that they breached a duty of that relationship, and that the breach was the "proximate cause" of damage to him. See Klemme v. Best, 941 S.W.2d 493, 495-96 (Mo. 1997).[3] Even if Koehler had an

---

[3]Although Koehler's complaint does not allege legal malpractice, he cites to several attorney malpractice cases. To pursue a claim for legal malpractice, Koehler would have to prove (1) an attorney client relationship, (2) negligence or breach of

-9-

attorney client relationship with all of the appellees, which some of them deny, Koehler would still have to show that appellees breached their fiduciary duties and that such conduct was the proximate cause of damage to him. See, e.g., Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 666 (8th Cir. 2003) (applying Missouri law and affirming summary judgment because plaintiffs failed to present "competent proof of causation"); Faulkner v. Ensz, 109 F.3d 474, 476 (8th Cir. 1997) ("Under Missouri law, a successful attorney malpractice claim requires a causal connection between the attorney's negligence and the plaintiff's damages"); Klemme, 941 S.W.2d at 495-96.

In his briefing Koehler describes four categories of damages he seeks: (1) the difference between the settlement amount and the recovery which could have been achieved by trial or proper settlement negotiations ($300,000,000 estimate), (2) recovery for adverse tax consequences from settling for cash instead of stock ($100,000,000 estimate), (3) for injury caused by the method of allocating the settlement among the classes ($100,000,000 estimate), and (4) disgorgement of the attorney fees. Koehler thus attacks the prior judgment indirectly by this action against the attorneys who represented the NationsBank classes in the settlement negotiations. On the basis of asserted new evidence he seeks to recover in this individual case the amount to which his class was entitled.

Koehler cannot proceed with his claims if an issue which he needs to prove to obtain judgment in his favor has already been decided in the previous action. See Montana v. United States, 440 U.S. 147, 153 (1979) (an issue "actually and

---

contract by the attorney, and (3) proximate causation of damage to him. Donahue v. Shughart, Thomson & Kilroy, P.C., 900 S.W.2d 624, 626 (Mo. 1995). To prove damages in an attorney malpractice case, a plaintiff must establish that "but for" the negligence alleged, the result of the underlying proceeding would have been more favorable to him. Mogley v. Fleming, 11 S.W.3d 740, 747 (Mo. App. 1999).

necessarily determined by a court of competent jurisdiction . . . is conclusive in subsequent suits based on a different cause of action"); see also Liberty Mut. Ins. Co. v. FAG Bearings Corp., 335 F.3d 752, 758 (8th Cir. 2003). In order to prevail on his fiduciary duty claims Koehler must prove that the misconduct he alleges was the proximate cause of injury to him.

At least two other circuits have decided similar cases in which class action plaintiffs sued their former representatives after a settlement had been approved by a federal district court. In Laskey v. UAW, 638 F.2d 954 (6th Cir. 1981), plaintiffs alleged that the UAW, which had represented them in a class action, had failed to inform them adequately on details of the case, had agreed to a settlement to which the class representatives had strongly objected, and had misrepresented to the district court that plaintiffs approved the settlement. Id. at 955-56. The Sixth Circuit affirmed a grant of summary judgment to the UAW on the ground that the prior court approval of the settlement "collaterally estopped [plaintiffs] from now asserting that the legal representation was not adequate and that the UAW committed legal malpractice." Id. at 957. Plaintiffs had objected to the terms of the settlement prior to its being approved, just like Koehler, and the Sixth Circuit concluded that a finding that the class had been adequately represented was implicit in the district court's approval of the settlement. Id. ("a finding that the class was adequately represented is necessary for finding the settlement was fair and reasonable").

In Thomas v. Powell, 247 F.3d 260 (D.C. Cir. 2001), attorneys who had been sued for malpractice in the Superior Court by former class members sought an injunction against the action. The plaintiffs alleged in that action that class counsel committed professional negligence by entering into a secret settlement agreement, not disclosing a conflict of interest, and failing to abide by the wishes of the majority of plaintiffs with respect to the settlement. Id. at 263. The attorneys argued in the federal district court that an injunction to prevent plaintiffs from going forward with the malpractice suit was "necessary . . . to protect or effectuate" that court's prior

judgment approving the class action settlement as fair and reasonable. See id. at 265; 28 U.S.C. § 2283. The injunction issued, and the class members appealed. The D.C. Circuit affirmed, noting that the class action settlement had been found by the district court to be fair and reasonable after class members had retained their own counsel to represent them at the fairness hearings and raised their objections to the settlement. Thomas, 247 F.3d at 262-64. The claims in the malpractice action were barred because in approving the class action settlement the district court had "squarely decided" that the attorneys had protected the interests of the class. Id. at 264. Appellants therefore could not establish that they had suffered an injury without "relitigating an issue already decided in the federal courts." Id. at 265

Like the class members in Laskey and Thomas, who brought malpractice actions against their former counsel because they were unhappy with the settlements, Koehler raises a collateral attack on the class recovery in an action against class counsel. Instead of malpractice Koehler alleges common law breaches of fiduciary duty (and related claims aiding and abetting and conspiracy), but these causes of action require proof of negligence or breach of duty and resulting injury. See, e.g., Klemme, 941 S.W.2d at 495-96. Just like the courts in Laskey and Thomas, the district court approved the class settlements here as fair, adequate, and reasonable over the objections of Koehler, a class member who had engaged separate counsel to present those objections. See In re BankAmerica Corp. Sec. Litig., 350 F.3d at 752. The district court considered Koehler's objections, along with the other objections and the merits of the case, prior to finding that they lacked merit and that the attorneys had "succeeded in their duty" and fulfilled their obligations to promote the "best interests of the class as a whole." In re BankAmerica Corp. Sec. Litig., 210 F.R.D. at 706. Implicit within the court's approval were findings that the case had not settled for an amount that was too low, see Laskey, 638 F.2d at 957, and that class counsel "fairly and adequately protected the interests of the class." See Thomas, 247 F.3d at 264. Moreover, the district court explicitly found in its unappealed order awarding attorney fees that class counsel had "performed at exceptionally high levels."

-12-

Koehler maintains that the court was not aware of all of his evidence when it approved the settlement and that his newly discovered evidence should permit this case to go forward. The key question is not whether the district court was aware of every fact alleged here when it approved the settlement, but whether the earlier judgment prohibits Koehler from litigating his claim that the alleged misconduct was the proximate cause of an injury to him. Thomas, 247 F.3d at 265; Klemme, 941 S.W.2d at 495-96.

Based in large part on the same factual contentions and a few new allegations of the same nature, Koehler is attempting in this collateral action to renew his old arguments that the settlement was too low. The discovery of new evidence does not afford Koehler "a second opportunity to prove a fact or make an argument relating to an issue previously decided." See Liberty Mutual Ins. Co., 335 F.3d at 762. The district court, when it originally approved the settlement over Koehler's objections and later awarded attorney fees to appellees, determined that the attorneys had provided more than adequate representation and that the very favorable settlement was "fair, reasonable, and adequate." This court affirmed the judgment, and Koehler cannot renew his attacks on the quality of the representation or the settlement amount in this collateral action. Nor can he now attempt to divest the attorneys of their court awarded fees. Like the disgruntled class members who sued their attorneys in Thomas, Koehler cannot establish that appellees breached duties owed him and caused him an injury without "relitigating an issue already decided in the federal courts." Thomas, 247 F.3d at 265. Based on the record here, we conclude that the district court did not err by dismissing his complaint. See Fletcher, 323 F.3d at 666; Faulkner, 109 F.3d at 476.

Koehler also asserts that the district court erred by not returning this case to the Southern District of New York. That issue was only mentioned in the statement of issues section of his opening brief and in a one sentence footnote on page 26 of his brief. Because he failed to argue the point in his opening brief in anything more than

-13-

a conclusory manner, he waived the transfer issue. Rotskoff v. Cooley, 438 F.3d 852, 854-55 (8th Cir. 2006). Even if we were to reach the issue, Koehler has not stated a sufficient basis for transferring the case or demonstrated that the Southern District of New York would be an appropriate venue for all the defendants in this case. Since the consolidated cases had been litigated in the Eastern District of Missouri and the district court there was familiar with the background of this case, it was not an inappropriate venue. The district court did not err by denying the motion to transfer.

In his second appeal Koehler argues that the district court erred by advising the Green firm to release only the materials Oetting had forwarded to it in the BankAmerica cases. Koehler asserts that Oetting was entitled to the entire class action file lead counsel had in its possession even though Oetting's letter to Green only requested "my file."[4] In an order issued after judgment had been entered, the district court denied as moot Green's request for guidance on whether Oetting's letter was an improper attempt at discovery while the stay was in place. In the same document the court went on to offer "limited guidance" about what Green should release to Oetting.

Koehler does not appeal the court's mootness determination but only the limited guidance it offered about Oetting's file. Even if Koehler had standing to appeal the court's guidance to lead counsel about the release of Oetting's file, it would not be easy for him to establish that the district court erred in its advice because Oetting's request for "my file" was subject to more than one interpretation. The question of standing is not an issue we need address, however, because we conclude that we lack jurisdiction over this advisory opinion given by the district court in a closed case. See, e.g., Reimer v. Champion Healthcare Corp., 258 F.3d 720, 726-27 (8th Cir. 2001).

---

[4]Oetting's request asked that his file be turned over to his new attorneys, Martha Cullina, LLP; that firm also represented Koehler in the district court. Oetting is Koehler's attorney on these appeals.

## IV.

For these reasons, we affirm the judgment of the district court in No. 06-2357 and dismiss the appeal in No. 06-2746 for lack of jurisdiction.

_____